**Roberto HERRERA, Plaintiff–Appellant,**

v.

**B. FLEMING; et al., Defendants–Appellees.**

**No. 13–16026.**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2014.*

Filed April 14, 2014.

Roberto Herrera, Corcoran, CA, pro se.

Before: TASHIMA, GRABER, and IKUTA, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

California state prisoner Roberto Herrera appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process violations in connection with his gang validation proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Hamilton v. Brown,* 630 F.3d 889, 892 (9th Cir.2011). We affirm.

The district court properly dismissed Herrera's due process claim because, even assuming that Herrera had a liberty interest in avoiding confinement in the Security Housing Unit, Herrera failed to allege facts sufficient to show that he was denied due process. *See Bruce v. Ylst,* 351 F.3d 1283, 1287 (9th Cir.2003) (prison officials need only provide the inmate with notice of the charges against him and an opportunity to present his views and a prison gang validation need only be supported by "some evidence"); *Resnick v. Hayes,* 213 F.3d 443, 448 (9th Cir.2000) (a prisoner possesses a liberty interest only when a change occurs in confinement that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison life" (citation and internal quotation marks omitted)).

To the extent that Herrera intended to allege a claim for retaliation, the district court properly dismissed Herrera's retaliation claim because Herrera failed to allege facts sufficient to show that defendants retaliated against him for exercising his constitutional rights. *See Bruce,* 351 F.3d at 1288 (explaining elements of a prison retaliation claim under § 1983).

The district court did not abuse its discretion in denying Herrera's motions for appointment of counsel because Herrera failed to demonstrate exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991) (setting forth standard of review and explaining "exceptional circumstances" requirement).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

